**Valeriy PAK, Petitioner,**

**v.**

**Alberto R. GONZALES, Respondent.**

**No. 05–2642–ag NAC.**

United States Court of Appeals, Second Circuit.

May 25, 2006.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

David Kustoff, United States Attorney for the Western District of Tennessee, Barbara Morris Zoccola, Assistant United States Attorney, Memphis, TN, for Respondent.

Present CHESTER J. STRAUB, SONIA SOTOMAYOR, and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby GRANTED. The BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this opinion.

Valeriy Pak, through counsel, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") William F. Jankun denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. See Dong v. Ashcroft, 406 F.3d 110, 111 (2d Cir.2005) (per curiam); Twum v. INS, 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the IJ's findings of fact, including adverse credibility findings, under the substantial evidence standard. Accordingly, we will vacate findings that are based on flawed reasoning, misunderstanding of evidence, or erroneous legal standards. See, e.g., Secaida–Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003). On the other hand we will not reverse a finding (directing entry of the contrary finding) unless a reasonable adjudicator would be compelled by the evidence to reach a conclusion contrary to that reached by the IJ. See 8 U.S.C. § 1252(b)(4)(B).

■ The record substantially supported the IJ's conclusion that Pak failed to demonstrate eligibility for asylum based on his claim of possible future persecution related to his newfound religion. The background materials on Uzbekistan indicate that, outside of those who engage in proselytizing, the government does not persecute its citizens based on religion. Pak did not testify that he intended to proselytize should he be returned to Uzbekistan.

■ However, because the IJ erred in failing to consider the cumulative significance of the numerous discriminatory events, such as harassment and assault, experienced by Pak and his family as a result of their Korean heritage, we remand the case for further proceedings consistent with this decision and with this Court's decision in Poradisova v. Gonzales, 420 F.3d 70 (2d Cir.2005).

■ The IJ determined that Pak's two brief detentions, considered separately from one another, might not have constituted persecution. However, the IJ failed to address the fact that, in relation to each incident, Pak testified that the police were motivated by discriminatory animus in detaining Pak. Furthermore, as in Poradisova, the IJ failed to consider the cumulative significance of the incidents that led to those detentions, along with Pak's testimony regarding his March 2000 and November 2001 assaults, the Summer 1999 assault on his daughter, and the general discrimination that Pak and his family experienced throughout their lives. Moreover, the IJ erred in discounting the assaults merely because Pak failed to contact the authorities, without also considering Pak's repeated assertions that the police

were prejudiced against Korean Uzbeks. *See Poradisova,* 420 F.3d at 79–80.

The IJ based his rejection of Pak's request for withholding on the same erroneous assessment of the record on which he based his rejection of Pak's request for asylum. Therefore, on remand, the BIA should also reconsider Pak's application for withholding of removal.